IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA
  Plaintiff

v.

$2,887,362.38 IN FUNDS SEIZED FROM BANK OF
AMERICA ACCOUNT ENDING IN 6403;
$200,443.70 IN FUNDS SEIZED FROM BANK OF
AMERICA ACCOUNT ENDING IN 9505;
$105,046.91 IN FUNDS SEIZED FROM BANK OF
AMERICA ACCOUNT ENDING IN 8462;
$50,047.66 IN FUNDS SEIZED FROM BANK OF
AMERICA ACCOUNT ENDING IN 1678;
$16,137.59 IN FUNDS SEIZED FROM BANK OF
AMERICA ACCOUNT ENDING IN 9482;
$5,056.02 IN FUNDS SEIZED FROM BANK OF
AMERICA ACCOUNT ENDING IN 7227;
$373,389.18 IN FUNDS SEIZED FROM BANK OF
LANCASTER ACCOUNT ENDING IN 1001;
$148,550.75 IN FUNDS SEIZED FROM BANK OF
LANCASTER ACCOUNT ENDING IN 2101;
$83,370.87 IN FUNDS SEIZED FROM BANK OF
LANCASTER ACCOUNT ENDING IN 9901;
$46,818.06 IN FUNDS SEIZED FROM BANK OF
LANCASTER ACCOUNT ENDING IN 3001;
$1,000.00 IN FUNDS SEIZED FROM BANK OF
LANCASTER ACCOUNT ENDING IN 71001;
$40,341.59 IN FUNDS SEIZED FROM NEWFIELD
NATIONAL BANK ENDING IN 3475;
ALL FUNDS SEIZED/FROZEN FROM BAYS BANK
ACCOUNT ENDING IN 7101;
APPROXIMATELY 16,572.51 IN FUNDS "FROZEN"
IN E*TRADE ACCOUNT ENDING IN 5371;
ALL FUNDS SEIZED FROM BARCLAYS ACCOUNT
ENDING 4639;
$1,938,600 IN U.S. CURRENCY SEIZED FROM 4021
BAY SPRINGS COURT, ARLINGTON, TEXAS;
A 2015 AUDI A3 (VIN# WAUBFGFF6F1005330);
A 2014 FORD EXPLORER (VIN#

CIVIL NO.

1FM5K7F88EGB43097);
REAL PROPERTY LOCATED AT 14614
MONTEVIDEO DRIVE, WHITTIER, CALIFORNIA;
IDA V6.6 HEXRAYS DVD;
SAMSUNG GALAXY S5 (SERIAL NO.
352959-06-061515-1);
APPLE IPAD 16GB (SERIAL NO.
DYTLQEJ5DFHW);
XBOX WITH POWER CORD (SERIAL NO.
111804640148);
SAMSUNG GALAXY X6 (SILVER/WHITE COLOR)
(MODEL NO. SM-G920T1);
XBOX 360 (SERIAL NO. 461223384405);
XBOX PABT (SERIAL NO. X800474008);
TOSHIBA LAPTOP (SERIAL NO. 4E083696C);
1GB THUMB DRIVE;
SAMSUNG TABLET (SERIAL NO. RF2F40LY7KF);
SURFACE TABLET WITH POWER CORD (SERIAL
NO. 053550342853);
FUJITSU HD (SERIAL NO. K204T7A28FFA);
GENERIC DESKTOPS COMPUTER (NO SERIAL
NUMBER);
STRYKER COMPUTER TOWER (SERIAL NO.
SGC5000WKWN1113400957);
XBOX 360 (SERIAL NO. 029513162607);
XBOX 360 (SERIAL NO. 021269183007);
XBOX 360 WITH POWER CORD (SERIAL NO.
080664473107);
PLAY STATION 3 WITH POWER CORD (SERIAL
NO. AC413976503-CECH-4001C);
XBOX ONE WITH POWER CORD (SERIAL NO.
006404735148)
            Defendants *In Rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its undersigned attorneys, John R. Parker,

U.S. Attorney for the Northern District of Texas, and Brian D. Poe, Assistant United States

Attorney, brings this complaint and alleges as follows in accordance with Supplemental

Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.    This is an action to forfeit property to the United States pursuant to 18 U.S.C. § 981(a)(1)(E) and (a)(1)(A).

## THE DEFENDANT *IN REM*

2.    The defendant property consists of the following property, which were seized or "frozen" on or about September 17, 2015 (with the exception of item s.):

a.  $2,887,362.38 in funds seized from Bank of America account ending in 6403 on or about September 17, 2015, maintained in the name of Anthony Clark;

b.  $200,443.70 in funds seized from Bank of America account ending in 9505 on or about September 17, 2015, maintained in the name of Ricky Miller DBA Rickisoft;

c.  $105,046.91 in funds seized from Bank of America account ending in 8462 on or about September 17, 2015, maintained in the name of C.A.S. Consultants, LLC and Nicholas Castellucci;

d.  $50,047.66 in funds seized from Bank of America account ending in 1678 on or about September 17, 2015, maintained in the name of Anthony Clark;

e.  $16,137.59 in funds seized from Bank of America account ending in 9482 on or about September 17, 2015, maintained in the name of Ricky Miller DBA Rickisoft;

f.  $5,056.02 in funds seized from Bank of America account ending in 7227 on or about September 17, 2015, maintained in the name of Nicholas Castellucci;

g.  $373,389.18 in funds seized from Bank of Lancaster account ending in 1001 on or about September 17, 2015, maintained in the name of Eric S. Zveare, Janet L. Zveare, and Eaton S. Zveare;

h.  $148,550.75 in funds seized from Bank of Lancaster account ending in 2101 on or about September 17, 2015, maintained in the name of Eric S. Zveare and Janet L. Zveare;

i.  $83,370.87 in funds seized from Bank of Lancaster account ending in 9901

on or about September 17, 2015, maintained in the name of RANE Developments, LLC;

j.  $46,818.06 in funds seized from Bank of Lancaster account ending in 3001 on or about September 17, 2015, maintained in the name of Janet L. Zveare, Eric S. Zveare, and Eaton S. Zveare;

k.  $1,000.00 in funds seized from Bank of Lancaster account ending in 71001 on or about September 17, 2015, maintained in the name of Zveare Family Trust;

l.  $40,341.59 in funds seized from Newfield National Bank ending in 3475 on or about September 17, 2015, maintained in the name of Nicholas F. Castellucci;

m.  All funds seized/frozen from Bays Bank account ending in 7101 on or about September 17, 2015, maintained in the name of Eaton Zveare;

n.  Approximately 16,572.51 in funds "frozen" in E*Trade account ending in 5371 on or about September 17, 2015, maintained in the name of Nicholas F. Castellucci;

o.  All funds seized from Barclays account ending 4639 on or about September 17, 2015, maintained in the name of Ricky Miller;

p.  All U.S. currency seized at 4021 Bay Springs Court, Arlington, Texas, on or about September 17, 2015 (approximately $1,938,600);

q.  A 2015 Audi A3 (VIN# WAUBFGFF6F1005330) seized from 14614 Montevideo Drive, Whittier, California, on or about September 17, 2015;

r.  A 2014 Ford Explorer (VIN# 1FM5K7F88EGB43097) seized from 14614 Montevideo Drive, Whittier, California, on or about September 17, 2015;

s.  Real property located at 14614 Montevideo Drive, Whittier, California.

t.  IDA V6.6 HexRays DVD;

u.  Samsung Galaxy S5 (Serial No. 352959-06-061515-1);

v.  Apple iPAD 16GB (Serial No. DYTLQEJ5DFHW);

w.  Xbox with power cord (Serial No. 111804640148);

x.   Samsung Galaxy X6 (Silver/White Color) (Model No. SM-G920T1);

y.   Xbox 360 (Serial No. 461223384405);

z.   Xbox PABT (Serial No. X800474008);

aa. Toshiba Laptop (Serial No. 4E083696C);

bb. 1GB Thumb Drive

cc. Samsung Tablet (Serial No. RF2F40LY7KF);

dd. Surface Tablet with power cord (Serial No. 053550342853);

ee. Fujitsu HD (Serial No. K204T7A28FFA);

ff.  Generic Desktops Computer (no serial number);

gg. Stryker Computer Tower (Serial No. SGC5000WKWN1113400957);

hh. Xbox 360 (Serial No. 029513162607);

ii.  Xbox 360 (Serial No. 021269183007);

jj.  Xbox 360 with power cord (Serial No. 080664473107);

kk. Play Station 3 with power cord (Serial No. AC413976503-CECH-4001C); and

ll.  Xbox One with power cord (Serial No. 006404735148).

<u>JURISDICTION AND VENUE</u>

3.      The court has subject matter jurisdiction over this action based on 28 U.S.C. §§ 1345 and 1355(a), since this is a forfeiture action commenced by the United States of America.

4.      The court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

5.      Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(A), because

acts or omissions giving rise to the forfeiture occurred in this district.

LOCATION OF DEFENDANT PROPERTY

6.      The defendant property was seized by the Internal Revenue Service –

Criminal Investigation (IRS-CI) and the Federal Bureau of Investigation (FBI) in the

Northern District of Texas, Central District of California, Eastern District of Virginia, and

the District of New Jersey.    The defendant property is now held in the following

locations:

   a. All property described in paragraphs 2(a) – (l), and (o) are being held by
      IRS-CI in a seized asset deposit fund account in the Northern District of
      Texas;

   b. The property described in paragraph 2(m) is in the form of a "promissory
      note" and is being held by the FBI in in the Northern District of Texas.

   c. The property described in paragraph 2(n) has been "frozen" by E*Trade in
      lieu of liquidating the account;

   d. The property described in paragraph 2(q) and (r) is being held by the
      government at a storage facility in the Central District of California;

   e. The property described in paragraph 2(p) is being held by the FBI in a seized
      asset deposit fund account in the Northern District of Texas; and

   f. The property described in paragraph 2(t) – (ll) is being held by the FBI in the
      Northern District of Texas.

7.      The defendant property described as real property located at 14614

Montevideo Drive, Whittier, California (Item s.), has not been seized.   In lieu of seizure of

the real property described in the paragraphs above, upon the filing of this complaint, the

government will file a lis pendens on this property, as provided in 18 U.S.C. § 985.

## BASIS FOR FORFEITURE

8.      Beginning in the years 2012 or 2013, the exact date unknown, Ricky Miller ("Miller"), Anthony Clark ("Clark"), Nicholas Castellucci ("Castellucci"), and Eaton Zveare ("Zveare") (hereinafter Miller, Clark, Castellucci, and Zveare will be collectively referred to as "RANE") conspired together and devised a scheme to defraud Electronic Arts, Inc. ("EA") and Microsoft by developing the ability to continuously mine, or generate without authorization, FIFA coins associated with the FIFA video game developed by EA.

9.      Miller, Clark, Castellucci, and Zveare would each work from computers at their residence in order to contribute to the conspiracy, with each communicating with each other through instant messages, chats, Skype, or other forms of electronic communications.

10.      Castellucci initially created the concept that allowed RANE to mine for coins and the remaining members of the conspiracy ultimately agreed to assist with fully developing and executing Castellucci's original concept.

11.      Clark's expertise was with "object oriented programming," and he created the Xbox applet that conducted the match play communications.

12.      Miller specifically worked and researched the encryption concept and was eventually able "to factor the hash algorithm" associated with the encrypted communications between an Xbox console and the Microsoft and EA servers.

13.      RANE utilized Xbox Development Kits, Hex Workshop, Interactive Disassembler, and Visual Studio to create a program that would successfully communicate with EA's servers.   The program was often referred to as the "app" or the "FIFA Server

Tool."

14.     The FIFA Server Tool worked from the beginning and Zveare was constantly working to improve the tool so it ran more efficiently.

15.     On or about April 24, 2014, Zveare established a corporation in the State of Virginia called RANE Developments, LLC, to portray a veil of legality for RANE's coin mining operation.

16.     On or about April 25, 2014, an operating agreement was entered into between Miller, Clark, Castellucci, and Zveare, with each individual receiving a 25% ownership interest in the business.

17.     An internal investigation conducted by EA, identified methods of the mining of FIFA coins from EA's servers.   The methods identified by EA were as follows:

   a. "Hijacking" transactional network communications from a Microsoft server and spoofing the transactional message to EA's Xbox Live Server Platform ("XLSP").   The spoofed message was altered with artificial content and delivered to EA's XLSP; and

   b. Through the automated creation of player accounts with a "tool" RANE referred to as the "FIFA Server Tool" or "app."   With each newly created player account, the FIFA Server Tool would send network traffic to EA's XLSP that contained content to trick or mislead EA's servers into believing a FIFA match had been completed, even though a match had not been played, thus crediting the created account with FIFA coins.

18.     Once RANE had successfully accumulated the mined FIFA coins, RANE would sell the coins to "black market" coin dealers in Europe and China accumulating approximately $15 – 18 million in proceeds.

19.     EA consistently sought ways to prevent RANE and others from being able to mine for FIFA coins.   However, RANE was always successful in figuring out various

"work arounds" for EA's fixes.

20.     Eventually, RANE was able to locate and communicate with EA's "Blaze" servers, which RANE referred to as the "hidden" or "secret" servers.

21.     By the year 2015, RANE was using a cloud based server, which was rented from Microsoft Azure, to conduct the mining activity.   Within the Azure computers, RANE maintained numerious files needed for the FIFA Server Tool to function properly.

22.     After locating these "hidden" servers, RANE successfully sent thousands of materially false communications at a high velocity, via wire communications, to EA's servers in order to mine FIFA coins.   Ultimately, RANE was successfully mining billions of FIFA coins each day resulting from the millions of materially false wire communications that were being sent each day to EA's servers.

### Search Warrant Execution

23.     On or about September 17, 2015, federal agents with the FBI and IRS-CI executed search warrants at the following locations:

      a.   3916 Solymar Drive, Sarasota, Florida (a residence owned by Zveare, Janet Zveare, and Eric Zveare);

      b.   1581 Millenbeck Road, Lancaster, Virginia (a residence owned by Janet Zveare and Eric Zveare);

      c.   31 Haddock Drive, Sewell, New Jersey (Castellucci's residence);

      d.   14614 Montevideo Drive, Whittier, California (a residence owned by Clark); and

      e.   4021 Bays Spring Court, Arlington, Texas (Miller's residence).

24.     Pursuant to the court authorized search warrants, various documents and

electronic devices were seized for evidentiary purposes in the criminal investigation associated with this case.   The following items were seized from 14614 Montevideo Drive:

    a.  IDA V6.6 HexRays DVD;

    b.  Samsung Galaxy S5 (Serial No. 352959-06-061515-1);

    c.  Apple iPAD 16GB (Serial No. DYTLQEJ5DFHW);

    d.  Xbox with power cord (Serial No. 111804640148);

    e.  Samsung Galaxy X6 (Silver/White Color) (Model No. SM-G920T1);

    f.  Xbox 360 (Serial No. 461223384405);

    g.  Xbox PABT (Serial No. X800474008);

    h.  Toshiba Laptop (Serial No. 4E083696C);

    i.  1GB Thumb Drive;

    j.  Samsung Tablet (Serial No. RF2F40LY7KF);

    k.  Surface Tablet with power cord (Serial No. 053550342853);

    l.  Fujitsu HD (Serial No. K204T7A28FFA);

    m. Generic Desktops Computer (no serial number);

    n.  Stryker Computer Tower (Serial No. SGC5000WKWN1113400957);

    o.  Xbox 360 (Serial No. 029513162607);

    p.  Xbox 360 (Serial No. 021269183007);

    q.  Xbox 360 with power cord (Serial No. 080664473107);

    r.  Play Station 3 with power cord (Serial No. AC413976503-CECH-4001C); and

     s. Xbox One with power cord (Serial No. 006404735148).

25.    The following property is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343):

    a. IDA V6.6 HexRays DVD;

    b. Samsung Galaxy S5 (Serial No. 352959-06-061515-1);

    c. Apple iPAD 16GB (Serial No. DYTLQEJ5DFHW);

    d. Xbox with power cord (Serial No. 111804640148);

    e. Samsung Galaxy X6 (Silver/White Color) (Model No. SM-G920T1);

    f. Xbox 360 (Serial No. 461223384405);

    g. Xbox PABT (Serial No. X800474008);

    h. Toshiba Laptop (Serial No. 4E083696C);

    i. 1GB Thumb Drive;

    j. Samsung Tablet (Serial No. RF2F40LY7KF);

    k. Surface Tablet with power cord (Serial No. 053550342853);

    l. Fujitsu HD (Serial No. K204T7A28FFA);

    m. Generic Desktops Computer (no serial number);

    n. Stryker Computer Tower (Serial No. SGC5000WKWN1113400957);

    o. Xbox 360 (Serial No. 029513162607);

    p. Xbox 360 (Serial No. 021269183007);

    q. Xbox 360 with power cord (Serial No. 080664473107);

    r.  Play Station 3 with power cord (Serial No. AC413976503-CECH-4001C); and

    s.  Xbox One with power cord (Serial No. 006404735148).

26.    The following property is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957:

    a.  IDA V6.6 HexRays DVD;

    b.  Samsung Galaxy S5 (Serial No. 352959-06-061515-1);

    c.  Apple iPAD 16GB (Serial No. DYTLQEJ5DFHW);

    d.  Xbox with power cord (Serial No. 111804640148);

    e.  Samsung Galaxy X6 (Silver/White Color) (Model No. SM-G920T1);

    f.  Xbox 360 (Serial No. 461223384405);

    g.  Xbox PABT (Serial No. X800474008);

    h.  Toshiba Laptop (Serial No. 4E083696C);

    i.  1GB Thumb Drive;

    j.  Samsung Tablet (Serial No. RF2F40LY7KF);

    k.  Surface Tablet with power cord (Serial No. 053550342853);

    l.  Fujitsu HD (Serial No. K204T7A28FFA);

    m. Generic Desktops Computer (no serial number);

    n.  Stryker Computer Tower (Serial No. SGC5000WKWN1113400957);

    o.  Xbox 360 (Serial No. 029513162607);

    p.  Xbox 360 (Serial No. 021269183007);

q. Xbox 360 with power cord (Serial No. 080664473107);

r. Play Station 3 with power cord (Serial No. AC413976503-CECH-4001C); and

s. Xbox One with power cord (Serial No. 006404735148).

27.  In addition, approximately $1,938,600 in U.S. currency was seized at 4021 Bay Springs Court, Arlington, Texas, which is directly traceable to the proceeds earned during the course of RANE's wire fraud scheme.

### Financial Investigation

28.  Zveare maintained bank accounts that received the proceeds from RANE's wire fraud conspiracy, and would transfer a percentage of the illegal proceeds to each member of RANE.

### Bank of Lancaster account ending in 9901

29.  On May 1, 2014, Zveare opened the Bank of Lancaster account ending in 9901 ("BL9901"), under the name of RANE.

30.  Based on a review of records, BL9901 was set up to function as the primary collection/distribution point or account for RANE.

31.  From May 5, 2014, to August 3, 2015, 264 separate wire transfers were made into the account totaling over $13 million.

32.  The source of each of these 264 wire transfers were FIFA coin dealers in Europe and China, who were purchasing illegally mined coins from RANE.

33.  The vast majority of these funds were then transferred out of the account or distributed to the individuals involved in the illegal coin mining scheme; specifically

Clark, Castellucci, Miller, and Zveare.

34.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

35.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

<u>Bank of Lancaster account ending in 3001</u>

36.     On April 2, 2014, Janet Zveare and Eric Zveare (Zveare's parents) opened Bank of Lancaster account ending in 3001 ("BL3001").   On May 1, 2014, Zveare was added as an account owner.

37.     While Janet Zveare and Eric Zveare were the originators on the account, Zveare controlled this account.

38.     An analysis of BL3001 revealed that over $4.4 million was credited to the account from April 2, 2014, to July 28, 2015, with the majority of the credits being transfers from BL9901.

39.     However, on February 23, 2015, $786,066.35 was transferred into the account from Bank of Lancaster account ending in 1001 ("BL1001").

40.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which

constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

41.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

Bank of Lancaster account ending in 1001

42.     On November 3, 2014, BL1001 was opened with a $10,000.00 transfer from BL3001, with Janet Zveare, Eric Zveare, and Zveare have signatory authority on the account.

43.     On December 1, 2014, $1 million was wired into the account from BL3001, and the entire $1 million is traceable to RANE's wire fraud scheme (i.e. illegal coin mining operation).

44.     Then on February 23, 2015, $786,066.35 was transferred back to BL3001.

45.     On March 4, 2015, this account received $222,658.44, via wire, from BL9901.   This entire amount is traceable to RANE's wire fraud scheme.

46.     On May 27, 2015, $100,770.95 was transferred into the account from BL3001 and $300,000.00 was transferred from the account to BL7101[1] for the purchase of

---

[1] As the holding company for the Bank of Lancaster, Bays Bank offers bonds in order to raise capital for the bank.   This account is a "bond" account established by Zveare and pays a 6.25% interest rate annually.

a bond issued by Bay's Bank.   Bay's Bank is the holding company for the Bank of Lancaster.

47.   On July 14, 2015, $32,190.64 was transferred into the account from BL3001 and $78,000.00 from BL9901.

48.   By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

49.   By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

<u>Bank of Lancaster account ending in 2101</u>

50.   On November 3, 2014, Bank of Lancaster account ending in 2101, ("BL2101") was opened with initial deposits of $33,000.00 and $80,000.00 from PNC Bank accounts controlled by Zveare.[2]   Janet Zveare and Eric Zveare are listed as account owners.

51.   On December 31, 2014, $140,000.00 was deposited into the account in the form of two checks from BL9901.   The $140,000.00 from these two checks is traceable to RANE's wire fraud scheme.

---

[2] The funds in the PNC Bank accounts are traceable to proceeds obtained as a result of RANE's wire fraud scheme.

52.     On February 25, 2015, $1,000.00 was transferred from the account to Bank of Lancaster account ending in 71001 ("BL71001").   This transfer is traceable to RANE's wire fraud scheme.

53.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

54.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

<u>Newfield National Bank account ending in 3475</u>

55.     On April 17, 2014, Castellucci opened Newfield National Bank account ending in 3475 ("NB3475"), with Castellucci having sole signatory authority on the account.

56.     Eight days after the account opened on April 25, 2014, the account received a wire from an unauthorized FIFA coin dealer in the amount of $14,967.00.

57.     On May 8, 2014, the account received a wire from Zveare in the amount of $43,294.00. On the same day Zveare also sent wires to Miller and Clark for the exact same amount, $43,294.00.

58.     Aside from the opening deposit and the above two wires, the account was primarily funded by checks received from Castellucci's Bank of America account ending

in 8462.   From May 23, 2014, to December 29, 2014, the account received 13 checks totaling $500,000.00 from the Bank of America account.

59.   From June 4, 2014, to December 3, 2014, $90,000.00 was transferred from the account to Castellucci's E*Trade account in five separate transactions.

60.   By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

61.   By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

<u>Bank of America account ending in 8462</u>

62.   On May 10, 2014, Castellucci opened Bank of America account ending in 8462 ("BOA8462"), under the name C.A.S. Consultants LLC, with Castellucci having sole signatory authority on the account.

63.   BOA8462 functioned as Castellucci's primary collection/distribution point for monies received from RANE which were generated from the illegal coin mining scheme.

64.   With the exception of the opening deposit, this account only received funds from the RANE account BL9901.   The vast majority of these funds were then transferred out of the account via check to NB3475.

65.     From May 13, 2014, to September 25, 2014, the account received over $1.3 million from RANE's BL9901 account.

66.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

<u>Bank of America account ending in 7227</u>

67.     On September 25, 2014, Castellucci opened the Bank of America account ending in 7227 (BOA7227), with a $40,000.00 transfer from BOA8462.

68.     The $40,000.00 is traceable to the illegal coin mining scheme.

69.     Between September 25, 2014, and May 7, 2015, there were no other deposits into the account except interest payments.

70.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

71.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

<u>E*Trade</u>

72.     On June 2, 2014, the E*Trade account ending in 5371 was opened by Castellucci.

73.     From June 4, 2014, to December 3, 2014, $90,000.00 was transferred from NB3475 to Castellucci's E*Trade account in five separate transactions.

74.     The $90,000.00 is traceable to RANE's illegal coin mining scheme.

75.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

76.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

<u>Bank of America account ending in 6403</u>

77.     On April 21, 2014, the Bank of America account ending in 6403 ("BOA6403") was opened with Clark having sole signatory authority on the account.

78.     An analysis of BOA6403 records revealed over $4.6 million was credited to the account from April 21, 2014, to May 27, 2015.

79.     The majority of the credits (approximately $4,658,860.16) were wire transfers and ACH deposits from accounts controlled by Zveare and RANE.

80.     Clark conducted several significant transfers with the funds deposited into this account, including the following:

   a.  On or about May 9, 2014, a cashier's check was purchased in the amount of $34,683.50 for the purchase of a vehicle at McKenna Audi;

   b.  On or about June 5, 2014, a cashier's check was purchased in the amount of $38,682.16 for the purchase of a 2014 Ford Explorer at Redlands Ford;

    c.  On or about August 29, 2014, $401,418.29 was wire transferred to Light House Escrow for the purchase of 14614 Montevideo Drive, Whittier, California; and

    d.  On or about August 28, 2014, $49,623.75 was wire transferred to BOA1678 for an unknown reason.

81.    By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

Bank of America account ending in 1678

82.    On August 28, 2014, the Bank of America account ending 1678 ("BOA1678") was opened with Clark having sole signatory authority on the account.

83.    An analysis of BOA1678 records revealed a transfer from BOA6403 in the amount of $49,623.75 the day the account was opened.

84.    The account also received two transfers from a Bank of America account ending in 6429, a Clark account, totaling $377.32 on the same day.

85.    Aside from interest payments, this account has not received any additional deposits.

86.    The funds in this account are traceable to the illegal coin mining operation.

87.    By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

88.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

Bank of America account ending in 9505

89.     On June 11, 2014, Miller opened Bank of America account ending in 9505 ("BOA9505") under the name Ricky Miller DBA Rickisoft, with Miller having sole signatory authority on the account.

90.     An analysis of BOA9505 records revealed that the majority of the credits were wire transfers from accounts controlled by Zveare and RANE.

91.     From June 12, 2014, to May 29, 2015, 27 wires were received from RANE totaling over $3.6 million. During the same time period approximately $406,000.00 was withdrawn in cash and $676,120.93 was transferred to Millers' Bank of America account ending in 9482 ("BOA9482").

92.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

93.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

Bank of America account ending in 9482

94.     On June 11, 2014, Miller opened BOA9482 under the name Ricky Miller DBA Rickisoft, with Miller having sole signatory authority on the account.

95.     Records revealed that the account was funded primarily by transfers from BOA9505.

96.     From June 13, 2014, to August 18, 2015, the account received approximately $801,273.06 in transfers from BOA9505.

97.     By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

98.     By reason of the foregoing, the defendant property is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

Barclays

99.     On June 17, 2015, Miller opened Barclays account ending in 4639 ("BR4639"), with Miller having sole signatory authority on the account.

100.    An analysis of BR4639 records revealed that during June 2015, Miller transferred approximately $1 million from his BOA9505 account in four separate transactions of $250,000.00 each to BR4639.

101.    However, during July and August 2015, Miller transferred the $1 million back to his BOA9505 account, again in four separate transactions of $250,000.00 each.

102.   By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

103.   By reason of the foregoing, the funds from this account are subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

<u>Bank Accounts Controlled by Tony Miller</u>

104.   From October 14, 2014 to December 1, 2014, Tony Miller, Miller's brother, received approximately $900,000 in wire transfers from RANE.

105.   Once Tony Miller received these wire transfers, the funds were withdrawn in cash from bank accounts in the Northern District of Texas and given to Miller.

**Execution of Seizure Warrants**

106.   On or about September 17, 2015, the following financial accounts were seized pursuant to federal civil seizure warrants:

a.   $2,887,362.38 in funds seized from Bank of America account ending in 6403, maintained in the name of Anthony Clark;

b.   $200,443.70 in funds seized from Bank of America account ending in 9505, maintained in the name of Ricky Miller DBA Rickisoft;

c.   $105,046.91 in funds seized from Bank of America account ending in 8462, maintained in the name of C.A.S. Consultants, LLC and Nicholas Castellucci;

d.   $50,047.66 in funds seized from Bank of America account ending in 1678, maintained in the name of Anthony Clark;

e. $16,137.59 in funds seized from Bank of America account ending in 9482, maintained in the name of Ricky Miller DBA Rickisoft;

f. $5,056.02 in funds seized from Bank of America account ending in 7227, maintained in the name of Nicholas Castellucci;

g. $373,389.18 in funds seized from Bank of Lancaster account ending in 1001, maintained in the name of Eric S. Zveare, Janet L. Zveare, and Eaton S. Zveare;

h. $148,550.75 in funds seized from Bank of Lancaster account ending in 2101, maintained in the name of Eric S. Zveare and Janet L. Zveare;

i. $83,370.87 in funds seized from Bank of Lancaster account ending in 9901, maintained in the name of RANE Developments, LLC;

j. $46,818.06 in funds seized from Bank of Lancaster account ending in 3001, maintained in the name of Janet L. Zveare, Eric S. Zveare, and Eaton S. Zveare;

k. $1,000.00 in funds seized from Bank of Lancaster account ending in 71001, maintained in the name of Zveare Family Trust;

l. $40,341.59 in funds seized from Newfield National Bank ending in 3475, maintained in the name of Nicholas F. Castellucci;

m. All funds seized/frozen from Bays Bank account ending in 7101, maintained in the name of Eaton Zveare;

n. Approximately 16,572.51 in funds "frozen" in E*Trade account ending in 5371, maintained in the name of Nicholas F. Castellucci; and

o. All funds seized from Barclays account ending 4639, maintained in the name of Ricky Miller.

107.    Each of the following financial accounts are subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343):

a. $2,887,362.38 in funds seized from Bank of America account ending in 6403, maintained in the name of Anthony Clark;

b. $200,443.70 in funds seized from Bank of America account ending in 9505, maintained in the name of Ricky Miller DBA Rickisoft;

c. $105,046.91 in funds seized from Bank of America account ending in 8462, maintained in the name of C.A.S. Consultants, LLC and Nicholas Castellucci;

d. $50,047.66 in funds seized from Bank of America account ending in 1678, maintained in the name of Anthony Clark;

e. $16,137.59 in funds seized from Bank of America account ending in 9482, maintained in the name of Ricky Miller DBA Rickisoft;

f. $5,056.02 in funds seized from Bank of America account ending in 7227, maintained in the name of Nicholas Castellucci;

g. $373,389.18 in funds seized from Bank of Lancaster account ending in 1001, maintained in the name of Eric S. Zveare, Janet L. Zveare, and Eaton S. Zveare;

h. $148,550.75 in funds seized from Bank of Lancaster account ending in 2101, maintained in the name of Eric S. Zveare and Janet L. Zveare;

i. $83,370.87 in funds seized from Bank of Lancaster account ending in 9901, maintained in the name of RANE Developments, LLC;

j. $46,818.06 in funds seized from Bank of Lancaster account ending in 3001, maintained in the name of Janet L. Zveare, Eric S. Zveare, and Eaton S. Zveare;

k. $1,000.00 in funds seized from Bank of Lancaster account ending in 71001, maintained in the name of Zveare Family Trust;

l. $40,341.59 in funds seized from Newfield National Bank ending in 3475, maintained in the name of Nicholas F. Castellucci;

m. All funds seized/frozen from Bays Bank account ending in 7101, maintained in the name of Eaton Zveare;

n. Approximately 16,572.51 in funds "frozen" in E*Trade account ending in 5371, maintained in the name of Nicholas F. Castellucci; and

o. All funds seized from Barclays account ending 4639, maintained in the name of Ricky Miller.

108. Each of the following financial accounts are subject to forfeiture to the

United States, pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction

or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957:

a. $2,887,362.38 in funds seized from Bank of America account ending in 6403, maintained in the name of Anthony Clark;

b. $200,443.70 in funds seized from Bank of America account ending in 9505, maintained in the name of Ricky Miller DBA Rickisoft;

c. $105,046.91 in funds seized from Bank of America account ending in 8462, maintained in the name of C.A.S. Consultants, LLC and Nicholas Castellucci;

d. $50,047.66 in funds seized from Bank of America account ending in 1678, maintained in the name of Anthony Clark;

e. $16,137.59 in funds seized from Bank of America account ending in 9482, maintained in the name of Ricky Miller DBA Rickisoft;

f. $5,056.02 in funds seized from Bank of America account ending in 7227, maintained in the name of Nicholas Castellucci;

g. $373,389.18 in funds seized from Bank of Lancaster account ending in 1001, maintained in the name of Eric S. Zveare, Janet L. Zveare, and Eaton S. Zveare;

h. $148,550.75 in funds seized from Bank of Lancaster account ending in 2101, maintained in the name of Eric S. Zveare and Janet L. Zveare;

i. $83,370.87 in funds seized from Bank of Lancaster account ending in 9901, maintained in the name of RANE Developments, LLC;

j. $46,818.06 in funds seized from Bank of Lancaster account ending in 3001, maintained in the name of Janet L. Zveare, Eric S. Zveare, and Eaton S. Zveare;

k. $1,000.00 in funds seized from Bank of Lancaster account ending in 71001, maintained in the name of Zveare Family Trust;

l. $40,341.59 in funds seized from Newfield National Bank ending in 3475, maintained in the name of Nicholas F. Castellucci;

m. All funds seized/frozen from Bays Bank account ending in 7101, maintained in the name of Eaton Zveare;

n. Approximately 16,572.51 in funds "frozen" in E*Trade account ending in 5371, maintained in the name of Nicholas F. Castellucci; and

o. All funds seized from Barclays account ending 4639, maintained in the name of Ricky Miller.

<u>2015 Audi</u>

109.    Clark purchased a 2015 Audi, (VIN# WAUBFGFF6F1005330), from Mckenna Audi located in Norwalk, California, on May 9, 2014, with a $34,673.50 cashier's check from BOA6403.

110.    The vehicle is registered in California in Clark's name and was seized, pursuant to a federal seizure warrant, on or about September 17, 2015.

111.    The funds used to purchase the vehicle were traceable to the illegal coin mining scheme.

112.    By reason of the foregoing, the 2015 Audi is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

113.    By reason of the foregoing, the 2015 Audi is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

2014 Ford Explorer

114.    Kimberly A. Christiansen purchased a 2014 Ford Explorer, (VIN# 1FM5K7F88EGB43097), from Redlands Ford Inc., located in Redlands, California on June 6, 2014, for $46,682.16.   In order to complete the sale, Christiansen traded in a 2007 Nissan Quest and received a trade-in allowance of $6,000.00 and a rebate of $2,000.00.

115.    The remaining $38,682.16 was paid by Christiansen using a cashier's check drawn on Clark's BOA6403 account.

116.    Pursuant to a federal seizure warrant, the 2014 Ford Explorer was seized on or about September 17, 2015.

117.    The funds from BOA6403, which were used to purchase this vehicle were traceable to the illegal coin mining scheme.

118.    By reason of the foregoing, the 2014 Ford Explorer is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

119.    By reason of the foregoing, the 2014 Ford Explorer is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

14614 Montevideo Drive

120.    On August 25, 2014, Anthony Clark purchased the real property known as 14614 Montevideo Drive, Whittier, California, for $840,000.00.

121.    The property shows to have a loan through Val Chris Investments Inc. for approximately $439,000.00.

122.    On August 4, 2014, $25,196.00 was wired from BOA6403 to Lighthouse Escrow Inc. The $25,196.00 was a deposit or earnest money towards the purchase of the property at Montevideo.

123.    On August 29, 2014, an additional $401,418.29 was wired from BOA6403 to Lighthouse Escrow Inc. The $401,418.29 was the final amount due from Clark for the purchase of 14614 Montevideo Drive.

124.    On November, 12, 2014, Clark signed a contract with Horizon Construction and Remodeling for renovation work to be performed on the residence at 14614 Montevideo Drive.

125.    From November 12, 2014, to August 19, 2015, Clark paid Horizon Construction a total of $334,517.34 from BOA6403.

126.    By reason of the foregoing, 14614 Montevideo Drive is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(E), as property which constitutes or is derived from the gross receipts obtained, directly or indirectly from the offense of wire fraud (violation of 18 U.S.C. § 1343).

127.    By reason of the foregoing, 14614 Montevideo Drive is subject to forfeiture

to the United States pursuant to 18 U.S.C § 981(a)(1)(A), as property involved in a

transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

BRIAN D. POE
Assistant United States Attorney
State Bar of Texas No. 24056908
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:    817.252.5447
Facsimile:     817.252.5455
Email:          brian.poe@usdoj.gov

VERIFICATION OF COMPLAINT

I, Alan Hampton, declare under penalty of perjury that the following is true and correct to the best of my knowledge.

I am a Special Agent with the Internal Revenue Service Criminal Investigations (IRS-CI), and I have been assigned to assist in the forfeiture of the defendant property.   I have read the foregoing Complaint for Forfeiture *In Rem* and know its contents.   The information contained in the Complaint for Forfeiture *In Rem* has been furnished from official government sources and, based on information and belief, the allegations contained in the Complaint for Forfeiture *In Rem* are true and correct.

Date: June 20, 2016

ALAN HAMPTON
Special Agent
IRS-CI